NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JACQUELINE BROWN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2021-2245

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-21-0350-W-1.

---

Decided:  January 20, 2022

---

JACQUELINE BROWN, Cibolo, TX, pro se.

SONIA W. MURPHY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, MARTIN F. HOCKEY, JR.

---

Before LOURIE, CHEN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Jacqueline Brown appeals the decision of the Merit Systems Protection Board (Board) dismissing her individual right of action as precluded by the doctrine of res judicata, or, in the alternative, the doctrine of collateral estoppel. *Brown v. Dep't of the Air Force*, No. SF-1221-21-0350-W-1, 2021 WL 3601837 (M.S.P.B. Aug. 9, 2021) (*Board Decision*) (Appx. 1–17).[1]  Because the Board correctly applied the doctrine of res judicata, we *affirm* on that ground.

BACKGROUND

A

On April 2, 2018, the Air Force appointed Ms. Brown to supply technician position GS-2005-5 for the 9th Physiological Support Squadron (9PSPTS) in Yuba, California. *Board Decision* at 5.  This appointment was subject to a two-year probationary period so the Air Force could assess Ms. Brown's fitness for the position.  *Id.*; 5 C.F.R. § 315.803(a).  During that probationary period, Ms. Brown received a notice of termination. *Board Decision* at 5.  The notice informed Ms. Brown that she would be terminated effective February 19, 2019 because she "failed to perform" certain duties and her supervisor "received complaints" regarding her lack of civility and refusal to perform certain work. *Id.* at 6.

On February 15, 2019, Ms. Brown met with Commander Lieutenant Colonel Steven Dawson. *Id.*  During

---

[1]  "Appx." citations are to the appendix filed concurrently with the government's responsive brief.  Additionally, because the reported versions of the Board's decision are not paginated, citations are to version of the Board decision included in the appendix.  E.g., *Board Decision* at 5 can be found at Appx. 5.

that meeting, Ms. Brown stated that she declined work to comply with certain Air Force regulations. *Id.*; Appellant's Br. 2–3. Commander Dawson and, separately, Logistics Flight Chief Master Sergeant Charles Myers informed Ms. Brown that the regulations she cited did not apply to her position. *Board Decision* at 7. Commander Dawson subsequently concurred with the decision to terminate Ms. Brown, which became effective on February 19, 2019. *Id.*

B

Ms. Brown's termination has given rise to three proceedings. In *Brown v. Department of the Air Force (Brown-1)*, No. SF-315H-19-0249-I-1, 2019 WL 1437643 (M.S.P.B. Mar. 26, 2019), the Board dismissed Ms. Brown's claim for lack of jurisdiction based on failure to exhaust administrative remedies. In *Brown v. Department of the Air Force (Brown-2)*, No. SF-1221-19-0481-W-1, 2020 WL 1508129 (M.S.P.B. Mar. 24, 2020), Ms. Brown cured that jurisdictional deficiency and added a new allegation that her termination was retaliatory for protected whistleblower disclosures pursuant to 5 U.S.C. § 2302(b)(8). The Board concluded that Ms. Brown "failed to meet her burden of proving by preponderant evidence that she engaged in whistleblowing activities" because she failed to demonstrate that her alleged disclosures were protected. *Id.* This court affirmed the Board's decision. *Brown v. Dep't of the Air Force*, 846 F. App'x 886, 889 (Fed. Cir. 2021).

Following our affirmance of *Brown-2*, Ms. Brown filed a new complaint with the Office of Special Counsel (OSC). OSC determined that the matters raised in Ms. Brown's complaint had already been addressed in *Brown-2*. *Board Decision* at 12. Ms. Brown then filed her third individual right of action before the Board, where she again argued that she was terminated in retaliation for the same allegedly protected disclosures. *Id.* at 1. The Board concluded that the doctrine of res judicata, or, in the alternative, the doctrine of collateral estoppel, precluded Ms. Brown's third

action. *Id.* at 13–17. Ms. Brown appeals, challenging the Board's determination on the merits in *Brown-2*. Appellant's Br. 2–4. Ms. Brown also argues that the Board improperly applied res judicata because she "has not exhausted all avenues of her judicial rights" and because she believes the Board declined to consider all the evidence. *Id.* at 4.

We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

### DISCUSSION

Whether the Board properly dismissed an action based on res judicata raises a question of law that we review de novo. *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008). The doctrine of res judicata applies when "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). The Board concluded that all three elements of res judicata were met. We agree.

In *Brown-2*, the Board had jurisdiction over, and rejected, Ms. Brown's whistleblower retaliation claims pursuant to 5 U.S.C. § 1221. The Board's decision on the merits became final on April 28, 2020. *Brown-2*. This court affirmed the Board's decision, and the mandate issued on April 5, 2021. *Brown*, 846 F. App'x at 889. Ms. Brown did not file a petition for rehearing or a petition for writ of certiorari. Accordingly, the first two elements of res judicata are satisfied.

With respect to the third element, it is undisputed that Ms. Brown is the petitioner and the Air Force is the respondent in *Brown-2* and in this action. Both actions also involve the same claim of whistleblower retaliation based on the same disclosures made during the same course of

events.  *Compare Brown-2*, *with Board Decision* at 8–13.
The only identifiable difference between Ms. Brown's claim
in *Brown-2* and Ms. Brown's claim here is that Ms. Brown
now states that she met with Commander Dawson on January 30, 2019.  *Board Decision* at 14.  In *Brown-2*, Ms.
Brown represented she was out sick that day.  *Id.*  The
Board expressly considered this difference and concluded
that it "[did] not create a new cause of action."  *Id.*  We
agree.

To the extent Ms. Brown raises new challenges to the
Board's fact findings and legal conclusions, Ms. Brown
could have made those arguments in *Brown-2*.  Any such
arguments are therefore also precluded by res judicata.
*Carson*, 398 F.3d at 1375 n.8 ("[C]laim preclusion forecloses matters that, although never litigated or even
raised, could have been advanced in an earlier suit.") (citing *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75,
77 n.1 (1984)).

## CONCLUSION

We have considered appellant's remaining arguments
and do not find them persuasive.  For the foregoing reasons, we affirm the decision of the Board.

## **AFFIRMED**